In the Matter of the Arbitration between GRAYSON-ROBINSON STORES, INC. et al., Respondents, and IRIS CONSTRUCTION CORP., Appellant.

First Department, March 17, 1959.

*Albert I. Edelman* of counsel (*Carb, Luria, Glassner & Cook,* attorneys), for appellant.

*Samuel J. Silverman* of counsel (*H. Russell Winokur* and *Robert L. Lasky* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondents.

*Per Curiam.* This is an appeal from an order, and judgment entered thereon, which confirmed an arbitration award directing appellant to proceed with the improvement of certain premises in accordance with the terms of an agreement between the parties. The order also denied appellant's cross motion to vacate the award.

Under the agreement, dated April 29, 1955, appellant undertook to erect a building, in accordance with outlined specifications, for the operation of a department store on a certain portion of appellant's land in Levittown, Nassau County, Long Island, upon which appellant was constructing a shopping center. The agreement provided that any dispute arising under it was to be submitted to arbitration. In November, 1956, petitioners-respondents initiated arbitration proceedings before the American Arbitration Association wherein they demanded specific performance of the agreement. In March, 1957, the arbitrators handed down their award in which they unanimously directed appellant to proceed forthwith with the construction of the building in accordance with the terms of the agreement. Special Term has confirmed that award and has denied appellant's cross motion to vacate it.

Preliminarily, respondents urge that the cross motion to vacate the award was not timely made as required by section 1463 of the Civil Practice Act since the cross motion was made on July 17, 1957, more than three months after the award was filed. Section 1463 of the Civil Practice Act provides that a notice of motion to vacate, modify or correct an award shall be served within three months after the award is filed or delivered "except that in opposition to a motion to confirm an award, any of the grounds specified in section fourteen hundred sixty-two may be set up." Appellant's cross motion falls within the exception since the cross motion is considered as being in opposition to the motion to confirm the award upon grounds specified in subdivision 4 of section 1462 of the Civil Practice Act.

It is urged by appellant that the award may not stand because equity will not lend its power to the enforcement of the kind of a decision in arbitration which it would neither allow nor enforce in an action maintained before it directly. Appellant's further contention, as to impossibility of compliance, was fully considered by the arbitrators.

Arguments similar to those urged by appellant were advanced, and rejected, in *Matter of Staklinski* (*Pyramid Elec. Co.*) (6 A D 2d 565).

Moreover, under the modern trend, a court of equity will specifically enforce a building construction contract where the work to be done is sufficiently defined (see cases in Ann. 164 A. L. R. 802 *et seq.*). In the instant case, the nature of the construction work to be done was clearly defined in the final plans and specifications which were approved by the parties. Since a court could have, in its discretion, directed specific performance, the arbitrators did not exceed their powers in granting such relief.

The order and judgment should be affirmed, with costs to respondents.

M. M. FRANK, J. P., VALENTE, MCNALLY and BERGAN, JJ., concur.

Judgment and order unanimously affirmed, with costs to the petitioners-respondents.